Dear Mr. Picard:
This office is in receipt of your opinion request concerning the involvement of "for profit" agencies in the operation of Charter Schools. You posed the question "whether or not [the charter school law permits] a chartering authority to contract with a `for profit' agency for instructional services." If this type of arrangement is allowed by the charter school law, you questioned whether any "specific conditions should be included in the charter proposal before being considered by the State Board."
The Charter School Demonstration Program Law is found at LSA-R.S.17:3971 et seq. LSA-R.S. 17:3991(A)(1)(a) states:
 Except for a type 4 charter school, a charter school approved and established in accordance with the provisions of this Chapter shall be organized as a nonprofit corporation under applicable state and federal laws. (Emphasis supplied).
 LSA-R.S. 17:3973(2)(b)(i), (ii) and (iii), states that a charter schoolis created as a result of a charter between a nonprofit corporation and alocal school district or the State Board of Elementary and SecondaryEducation (BESE), with the exception of a type 4 charter school.Therefore, only a nonprofit corporation can establish a type 1, 2, or 3charter school. For-profit corporations are not allowed to establish acharter school under Louisiana law.
The law further provides at LSA-R.S. 17:3973 et seq. that the nonprofitcorporation will "operate the school," however the law did not definewhat is it meant by the word "operate." Louisiana Civil Code Article 11states, in pertinent part:
 The words of a law must be given their generally prevailing meaning.
Further, the pertinent part of LSA-R.S. 1:3 reads as follow:
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language.
According to Merriam-Webster's Collegiate Dictionary, Tenth Edition, "operate" is defined to mean: "to perform a function: exert power or influence." Therefore, the nonprofit corporation is to perform a function and exert power or influence over the school as the chartering agency. By law the nonprofit corporation must operate the charter school.
LSA-R.S. 17:3991(A)(2) states:
 Consistent with the provisions of this Chapter, a charter school and its officers and employees may exercise any power and perform any function necessary, requisite, or proper for the management of the charter school not denied by its charter, the provisions of this Chapter, or other laws applicable to the charter school. (Emphasis supplied).
Therefore, a nonprofit corporation has broad authority in the operation of its charter school, subject to all the specific limitations and mandates set out in the laws applicable to charter schools. The charter school and the nonprofit corporation that operates it, is subject to the laws of this State that are applicable to charter schools, including but not limited to, the open meeting law (LSA-R.S. 42:4.1 et seq.) and public records doctrine (LSA-R.S. 44:1 et seq.). The nonprofit corporations must also follow all Charter School Demonstration Program Law, including the law regarding the hiring of charter school employees (LSA-R.S.17:3997(A)(1)(a) and (b)).
If the nonprofit corporation who operates a charter school contracts with a for-profit corporation for services, the nonprofit corporation must be cognizant that it is responsible for all aspects of the management and administration of the school. All questions or requests regarding the day-to-day operations of the school are to be handled by and/or through the nonprofit corporation who is ultimately responsible for the charter school. The for-profit corporation can not manage the school in a way which would violate state law. Further, if the for-profit corporation does manage the school in violation of the Charter School Program Demonstration Law, the nonprofit corporation will be held responsible for the violation.
In conclusion, the charter school law does not prevent a charter school from contracting with a for-profit corporation to handle the management of the school. However, the authority to hold a charter school license is given to a nonprofit corporation. Therefore, the nonprofit corporation is ultimately responsible to either the local school district or BESE, depending upon who granted the charter.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _______________________________ Veronica L. Howard Assistant Attorney General
RPI:VLH:lrs